IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BENJAMIN ALFONSO ZALDANA-
GONZALEZ,

        Petitioner,

    v.

JOSHUA HIGHBERGER,

        Respondent.

Case No. 6:22-cv-00840-AN

OPINION AND ORDER

Fidel Cassino-DuCloux
Federal Public Defender
Kara Anne Sagi
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

        Attorneys for Petitioner

Dan Rayfield, Attorney General
Daniel T. Toulson, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

        Attorneys for Respondent

1 – OPINION AND ORDER

NELSON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his Multnomah County convictions dated December 4, 2015. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is dismissed because it is not timely.

## BACKGROUND

On November 24, 2014, the Multnomah County Grand Jury indicted Petitioner on 43 counts pertaining to the sexual abuse of his stepdaughter. Respondent's Exhibit 102. Petitioner proceeded to a bench trial at which he was convicted of 40 of the 43 charges. As a result, the trial judge sentenced him to 264 months in prison.

Petitioner took a direct appeal and, in January 2016, was appointed a public defender to represent him for purposes of the appeal. After the public defender sought two extensions of time to file a brief, Petitioner replaced the public defender with a private attorney. Retained counsel (hereinafter "counsel") substituted into the case on October 14, 2016 and sought additional extensions of time. In April 2017, counsel informed Petitioner that the direct appeal lacked any potentially meritorious issues and suggested he dismiss the matter and proceed to file for post-conviction relief ("PCR"). Petitioner agreed, counsel filed a motion to dismiss the appeal, the Oregon Court of Appeals granted the motion, and the Appellate Judgment issued on May 8, 2017. Respondent's Exhibit 104. The parties agree that, absent any tolling, Petitioner had one year from May 8, 2017 in which to file this federal habeas corpus action. *See* 28 U.S.C. 2244(d)(1)(A) (one-year statute of limitations applicable to habeas corpus cases).

The same retained attorney represented Petitioner for purposes of his PCR action. According to Petitioner, within two months of dismissing the direct appeal, counsel advised him that he would prepare a draft PCR petition by approximately July or August of 2017. Petitioner

claims that counsel: (1) was often unresponsive to Petitioner's subsequent inquiries; (2) did not actually provide him with a draft copy of the PCR Petition until March 2018; and (3) did not finalize and file the PCR Petition until June 5, 2018. Petitioner asserts that despite repeatedly reaching out, he did not hear anything from his attorney between July 2017 and the first time he saw the draft PCR Petition in March 2018. The parties agree that although counsel filed a timely PCR petition on Petitioner's behalf with more than 11 months to spare on the PCR statute of limitations, by the time counsel filed the PCR filing on June 5, 2018 Petitioner had already missed the one-year federal habeas corpus statute of limitations by 28 days. The PCR court ultimately denied relief, the Oregon Court of Appeals affirmed that decision without issuing a written opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 113-118. The PCR Appellate Judgment issued on May 19, 2021.

Petitioner filed this federal habeas corpus case on June 9, 2022. Respondent asks the Court to dismiss the Amended Petition for Writ of Habeas Corpus (#41) because Petitioner failed to file his initial Petition (#2) within the Anti-terrorism and Effective Death Penalty Act's ("AEDPA's") one-year statute of limitations. Petitioner concedes that he did not timely file this case, but asserts that he is entitled to equitable tolling of the statute of limitations because his retained attorney thwarted his efforts to timely file this case.

**DISCUSSION**

The AEDPA provides that a one-year statute of limitations applies to federal habeas corpus actions filed by state prisoners. The one-year period typically begins to run on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. 2244(d)(1)(A). The one-year of statute of limitations is subject to statutory tolling during the pendency of a properly filed PCR action and subsequent appeals. *See*

28 U.S.C. § 2244(d)(2). Equitable tolling is also available to toll the one-year statute of limitations applicable to 28 U.S.C. § 2254 habeas corpus cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A litigant seeking to invoke equitable tolling must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance prevented him from timely filing his petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The "'extraordinary circumstances beyond a prisoner's control [must] make it impossible to file a petition on time.'" *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Brambles v. Duncan*, 330 F.3d 1197, 1202 (9th Cir. 2003)). A petitioner who fails to file a timely petition due to his own lack of diligence is not entitled to equitable tolling. *Tillema v. Long*, 253 F.3d 494, 504 (9th Cir. 2001). The habeas corpus applicant bears the burden of showing that this "extraordinary exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

With respect to instances of attorney error, a lawyer's mistakes which cause a litigant to miss a filing deadline generally do not support equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007). Only where the attorney's errors are particularly egregious, or where counsel has abandoned a client altogether, will equitable tolling be warranted. *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015) (egregious attorney error); *Mackey v. Hoffman*, 682 F.3d 1247, 1253 (9th Cir. 2012) (attorney abandonment).

Petitioner asks the Court to equitably toll the AEDPA's statute of limitations for 220 days, a figure which represents the interlude between the date his attorney promised him the draft of his PCR Petition (August 14, 2017) and the date counsel actually provided the draft to him (March 22, 2018). He also asks the Court to equitably toll the limitation period for an additional 28 days, a quantity that represents the time between the conclusion of his PCR proceedings (February 4, 2022) and the date counsel allegedly notified him that his PCR appeals had concluded (March 4,

2022). Petitioner reasons that his attorney's lack of responsiveness constituted attorney abandonment that caused him to miss his AEDPA filing deadline.

Petitioner cites *Rudin v. Myles,* 781 F.3d 1043 (9th Cir. 2015), for the proposition that a PCR attorney's failure to communicate with a client may constitute an extraordinary circumstance that warrants equitable tolling. *Rudin* is inapposite, however, for two key reasons. First, in *Rudin* the petitioner, the PCR attorney, the PCR court, and the State in that case all mistakenly believed that a PCR petition had been filed on the petitioner's behalf when, in fact, it had not. *Id.* at 1049-50. Had such a pleading actually been filed, it would have tolled the AEDPA statute of limitations and prevented the untimely habeas filing. Petitioner in the case at bar was never under the false impression that he had a PCR petition pending prior to the AEDPA expiration date that would have tolled the statute of limitations. In addition, the petitioner's attorney in *Rudin* "never filed anything with the state post-conviction court" from the time he was appointed to represent his client until the time he substituted out as counsel 646 days later. *Id.* at 1050. In the case at bar, Petitioner was not the victim of this kind of abandonment. To the contrary, Petitioner's retained attorney timely filed the PCR Petition, fully litigated the initial level PCR action, and fully litigated the subsequent PCR appeals.

PCR counsel's failure to move more expeditiously and communicate more frequently with Petitioner in the case at bar, while nevertheless timely filing and litigating Petitioner's initial-level and appellate PCR actions, was not an extraordinary circumstance that made it impossible for Petitioner to timely file this action. Nothing in the record shows that Petitioner was concerned about meeting the AEDPA's one-year statute of limitations. Instead, his focus was on his desire to have his attorney be more responsive to him and expeditiously litigate his PCR action. Although this habeas case might have been timely had Petitioner's attorney filed the PCR Petition sooner,

this was not the cause of the untimely filing. Instead, the convergence of Petitioner's lack of legal knowledge regarding the AEDPA statute of limitations and Oregon's two-year PCR statute of limitations led to his failure to timely file this case. Petitioner's failure to realize that his AEDPA statute of limitations was running does not justify equitable tolling, *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006), and the Ninth Circuit determined long ago that Oregon's two-year PCR statute of limitations does not alter the AEDPA timeliness analysis. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003), *cert. denied*, 540 U.S. 924 (2003).

Had Petitioner been aware of his need to file his federal habeas case within one year, he could have acted diligently to successfully protect his habeas rights in any one of several ways. Believing himself to be the victim of a slow-moving attorney in his state PCR proceedings, he might have filed a protective habeas petition in federal court and asked it to stay the action while he exhausted his state court remedies.[1] *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (permitting the filing of a protective petition if the petitioner has reasonable doubts as to whether state court processes will render a federal petition untimely). He did not do so.

Petitioner also did not seek to alert PCR counsel or the PCR court of the impending AEDPA deadline. To the extent he was dissatisfied with the responsiveness of his attorney, and assuming he could not afford to replace that attorney, he could have informed the PCR court that his federal habeas rights were in jeopardy due to delays by counsel and sought leave to file a *pro se* PCR petition or sought appointment of substitute counsel at public expense. *See* ORS 138.590(4)

---

[1] A protective petition reasonably seemed unnecessary in *Rudin* because all parties mistakenly believed that Ms. Rudin had filed a PCR petition and was therefore benefitting from statutory tolling prior to the running of the AEDPA statute of limitations. In addition, as the Ninth Circuit determined, "Rudin could not have filed a protective federal habeas petition that would have been ripe for review. Because Rudin prevailed in the state post-conviction court, she had no adverse ruling to challenge in a federal petition." *Rudin,* 781 F.3d at 1059. Petitioner in the case at bar was not subject to either of these circumstances and was therefore not foreclosed from filing a protective petition.

(statutory entitlement to PCR counsel for financially eligible litigants). He did not take any of these affirmative steps and, instead, allowed the AEDPA deadline to pass prior to filing his PCR action. The fact that he might not have known the AEDPA deadline was running does not exempt his inaction from a diligence inquiry. *See Waldron-Ramsey v. Pacholke,* 556 F.3d 1008, 1013 n.4 (9th Cir. 2009) (a prisoner's confusion or ignorance of the law does not warrant equitable tolling); *Rasberry*, 448 F.3d at 1154. If he was, in fact, aware that his AEDPA deadline was passing, he failed to act with reasonable diligence in preserving his ability to file for federal habeas relief.

Petitioner's case is most analogous to another action filed in this District, *Glick v. Premo,* Case No. 6:16-cv-01316-MO, 2018 WL 3714505 (D. Or. July 31, 2018). In *Glick*, the same attorney who represented Petitioner in the PCR action underlying the case at bar took more than one year to file a PCR petition in Oregon's state courts on behalf of Mr. Glick, thereby timely filing the PCR action but only after the AEDPA statute of limitations had expired. In *Glick,* Judge Mosman concluded that: (1) Mr. Glick had retained the attorney for purposes of state court litigation, not the filing of a federal habeas petition; and (2) even assuming PCR counsel in *Glick* was negligent in failing to take federal habeas relief into consideration during his state-court representation, attorney negligence is not an extraordinary circumstance that justifies equitable tolling. *Id.* at *3-*4. Judge Mosman not only denied habeas corpus relief, but also declined to issue a certificate of appealability. The Ninth Circuit also did not find the case worthy of a certificate of appealability and summarily dismissed the appeal. 2018 WL 7225808 (9th Cir. Nov. 16, 2018).

Petitioner argues that his case is distinguishable from *Glick* because it was clear in *Glick* that PCR counsel had been retained solely for purpose of the state PCR case, whereas the scope of representation in this case was broader than only PCR representation. It is true that Petitioner in this case retained the same attorney during direct review as well as the PCR challenge, but nothing

in the record supports the proposition that Petitioner retained counsel to file a federal habeas case.[2] Petitioner also points out that there were gaps in his communication with PCR counsel that were not apparent in *Glick*. However, as discussed above, PCR counsel timely filed the PCR action, litigated that case to its conclusion, timely filed the PCR appeal, and litigated that appeal to its conclusion. Petitioner's not uncommon desire for speedier and more frequent interactions with his lawyer does not render this case distinguishable from *Glick*, constitute attorney abandonment, or amount to an extraordinary circumstance.

Petitioner also points out that PCR counsel claimed in *Glick* that he had been unaware of the federal habeas statute of limitations. He contends that PCR counsel, having had that experience in *Glick*, was necessarily versed on that issue with sufficient time to preserve Petitioner's ability to file a timely habeas petition in this case.[3] This does not render this case materially distinguishable from *Glick* because Judge Mosman's Opinion did not rest on counsel's lack of knowledge surrounding the AEDPA statute of limitations. As Mr. Glick did in his own case, Petitioner in this matter is asking the Court to conclude that an attorney who provided him with timely representation in state court proceedings was so dutybound to advise or protect him with respect to a <u>federal</u> statute of limitations issue (plainly outside of the attorney's scope of

---

[2] Even if Petitioner had also retained his attorney for the purpose of filing a federal habeas case, and counsel had missed the deadline, a missed filing deadline by an attorney who timely represented Petitioner in his state appeals might very well be the kind of "garden variety" attorney negligence that does not support the extraordinary remedy of equitable tolling. *See Holland*, 560 U.S. at 651-52; *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007); *Gonzalez-Gutierrez v. Nooth*, No. 2:16-cv-01969-MA, 2018 WL 2027732 (D. Or. April 30, 2018); *Lambert v. Paersson*, 3:17-cv-00331-BR, 2019 WL 3842386, at *4 (D. Or. Aug. 13, 2019); *Dawson v. Kelly*, 6:20-cv-00698-IM, 2023 WL 112302, at *6 (D. Or. Jan. 4, 2023).

[3] Counsel for Mr. Glick filed a Declaration in Mr. Glick's case on September 21, 2017 stating that, as of that date, he was newly aware of the AEDPA one-year statute of limitations. Case No. 6:16-cv-01316-MO ECF #31, Petitioner's Exhibit A. He signed that Declaration: (1) while representing Petitioner in the case at bar in his PCR proceedings; and (2) while Petitioner in the case at bar still had approximately seven months until the expiration of his AEDPA statute of limitations.

8 – OPINION AND ORDER

representation) that counsel's failure to do so amounted to a circumstance so extraordinary that it made it impossible for Petitioner to timely file a federal habeas petition. There is nothing extraordinary about the situation Petitioner presents and, had he both been aware of the passing of the AEDPA deadline and exercised reasonable diligence, he could have preserved his ability to timely seek federal habeas corpus relief. He did not do so, and equitable tolling during the pendency of Petitioner's PCR action is not warranted.[4]

Finally, Petitioner makes an alternative request for an evidentiary hearing. With the assistance of appointed counsel, Petitioner has amply developed the record in this case and it is apparent from the existing record that habeas relief is not appropriate. Because the record in this case is sufficiently developed to resolve the issues before the Court, Petitioner's request for an evidentiary hearing is denied. *See Rhoades v. Henry*, 638 F.3d 1027, 1052 (9th Cir. 2011).

## CONCLUSION

For the reasons identified above, Petitioner's request for an evidentiary hearing is denied, and the Petition for Writ of Habeas Corpus (#2) is dismissed. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

4/14/2025
DATE

Adrienne Nelson
United States District Judge

---

[4] Because equitable tolling is not warranted for the time between the conclusion of Petitioner's direct appeal and the filing of his PCR Petition, the Court need not address the equitable tolling arguments as to the 28 days following the conclusion of Petitioner's PCR appeals.

9 – OPINION AND ORDER